452 So.2d 261 (1984)
Blake P. ROGERS
v.
AMBASSADOR INSURANCE COMPANY.
No. 83-CA-803.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
Writ Denied September 28, 1984.
*262 Joseph W. Rausch, Edward N. George, III, Stassi & Rausch, New Orleans, for Blake P. Rogers plaintiff-appellee.
E. John Litchfield, O'Keefe, O'Keefe & Berrigan, New Orleans, for Ambassador Ins. Co. defendant-appellant.
Before BOUTALL, CHEHARDY and MARCEL, JJ.
BOUTALL, Judge.
This is an appeal from a summary judgment awarding the insured the policy limits of an uninsured motorists policy issued to him plus attorney's fees.
Blake P. Rogers demanded of his insurer, Ambassador Insurance Company, the full limits ($5,000.00) of an uninsured motorists policy issued to him by Ambassador for damages he suffered as a result of the wrongful death of his mother, Elsie Marie Rogers, while the occupant of another vehicle. At the time, Mrs. Rogers lived in the same household with Blake. The stipulated facts show there is coverage under the policy.
Ambassador's policy to Blake contained the following uninsured motorists coverage under Part C:
"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
1. Sustained by a covered person; and
2. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

*263 `Covered person' as used in this Part means:
1. You or any family member.
2. Any other person occupying your covered auto.
3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. and 2. above."
There is no dispute as to the facts and clearly the insurer must pay unless something else permits it to escape payment. While Mrs. Rogers was a passenger in one vehicle, she suffered injuries and died as a result of a collision caused by the driver of another vehicle stipulated to be negligent. The other driver, Fontenot, was underinsured and Blake received only $2,250.00 from Fontenot's insurer, the balance of that policy being divided amongst other heirs. It is further stipulated that Blake's uncompensated damages are in excess of Ambassador's policy limits of $5,000.00. Accordingly, the court below rendered summary judgment in favor of Blake for $5,000.00 against Ambassador, together with attorney's fees for failure to pay in accordance with its policy.
Appellant Ambassador admits that there is coverage under the policy but denies that it has an obligation to pay in this case because the other children and heirs of Mrs. Rogers recovered the policy limits of uninsured motorists coverage in another policy of insurance carried by Mrs. Rogers' husband on the car in which she was a passenger. Thus they reason that Blake's only remedy is to have entered into a settlement sharing, along with the other children, the policy limits applicable to the named automobile. This obligation they contend is binding under the statutory law relative to "stacking", R.S. 22:1406, so that the insured is prevented from seeking to collect the obligation that is clearly owed under his policy.
We point out that this is not a case wherein an insured is seeking to recover under more than one uninsured motorist policy. The best that can be said from defendant's standpoint is that there are two policies under which plaintiff may seek to recover, one his own in which his mother is also a covered person and the other a policy belonging to his father which covered the named automobile.
The trial judge pointed out that there seemed to be a conflict in the principles underlying the case of Branch v. O'Brien, 396 So.2d 1372 (La.App. 2d Cir.1981), writ denied 400 So.2d 905 (La.1981) and the case of Breaux v. Louisiana Farm Bureau Mutual Insurance Company, 413 So.2d 988 (La.App. 1st Cir.1982), writ denied 420 So.2d 453 (La.1982) but resolved to follow the Branch case on the basis that "therefore, although Mr. Rogers is limited to only one policy, he is free to choose the policy most advantageous to him."
Neither of those cases is factually conforming to this case, but we consider that the statute which requires uninsured motorists coverage cannot be interpreted so as to deny that coverage to those persons who sought it. We see nothing to prevent Rogers from choosing to proceed against his own insurance company under this factual situation. We believe this conclusion to be supported by the decision in the recent case of Taylor v. Tanner, 442 So.2d 435 (La. 1983), which permitted a claimant to choose a provision or policy with the highest limits amongst those available to him. As pointed out by the court:
"... the primary objective of the uninsured motorists scheme is to protect innocent victims of the negligent and financially irresponsible motorist by providing such victims with full recovery. Booth v. Fireman's Fund Insurance Company [253 La. 521] 218 So.2d 580 (La.1968); Bond v. Commercial Union Assurance Company, 407 So.2d 401 (La. 1981)."
Because this matter is appealed to us from summary judgment, we feel compelled to emphasize the fact that the damages sought by the plaintiff in this case are not those under Civil Code article 2315 which are due to the mother as the injured party and may then be transmitted to her *264 heirs. The damages sought here are the damages which the surviving son has sustained through the wrongful death of the mother. These damages are his right alone and should not be affected by whatever course of action other children may choose to take. We point this out because it is a disputed fact as to the precise nature of the amounts recovered by the other children under the other policy. They were also occupants of the automobile and suffered some personal damage and presumably, the estate of the decedent may be due some damages.
This brings us to the last issue, the award of attorney's fees.
An insurer's liability to pay penalties and attorney's fees is to be decided based upon whether its action is arbitrary, capricious and without probable cause. (La.R.S. 22:658); Carney v. American Fire and Indemnity Company, 371 So.2d 815 (La.1979); Launey v. Thomas, 379 So.2d 27 (La.App. 3rd Cir.1979), writ denied 381 So.2d 1233 (La.1980). The burden of proof is on the claimant to prove that the failure to pay was arbitrary and capricious. Thomas v. McInnis Brothers Const. Inc., 401 So.2d 522 (La.App. 2nd Cir.1981), writ denied 406 So.2d 608 (La.1981). Whether refusal to pay benefits is arbitrary, capricious or without probable cause so as to warrant an award of penalties or attorney's fees is a question of fact on which the Court of Appeal may not disturb the trial judge's findings absent manifest error. Henson v. Handee Corp., 421 So.2d 1134 (La.App. 2nd Cir.1982); Meshell v. Insurance Co. of North America, 416 So.2d 1383 (La.App. 3rd Cir.1982).
Appellant urges that in light of the trial court's description of the case at hand as res nova in this district, that its refusal to pay claimant was neither arbitrary or capricious, relying on Dortlon v. United Fidelity Life Ins. Co., 326 So.2d 383 (La.App. 3rd Cir.1976), and Stewart v. Louisiana Farm Bureau Mutual Insurance Co., 420 So.2d 1217 (La.App. 3rd Cir.1982).
However, the fact that an issue raised by an insurer in challenging policy coverage is one of first impression is not alone determinative of the issue of sanctions for unreasonably denying coverage. Boudreaux v. Fireman's Fund Ins. Co., 654 F.2d 447 (5th Cir.1981). Although an insurer has a right to test its liability on an insurance contract and demand a judicial interpretation of its policy provisions, the insurer must do so at its own expense and not at the expense of the insured. Sanders v. General American Life Ins. Co., 364 So.2d 1373 (La.App. 3rd Cir.1978).
The case at hand can be distinguished from those cited above. The present controversy concerns the insurer's interpretation of a statute, not of the insured's policy. The policy clearly requires payment. The denial of payment is based solely on insurer's interpretation of the statute, La.R.S. 22:1406 D (1)(c). As we have pointed out above, this insured claimed only his policy limit for his damages and that limit was not increased because of multiple motor vehicles covered under his policy nor was the limit increased because he had insurance available to him under more than one policy. We find the insurer's interpretation to be inappropriate and arbitrary and the imposition of attorney's fees justified.
For the reasons above, the summary judgment is affirmed at appellant's costs.
AFFIRMED.