526 So.2d 818 (1988)
Wesley P. VINCENT, Sr., et al., Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTO INS. CO., Defendant-Appellant.
No. 86-1149.
Court of Appeal of Louisiana, Third Circuit.
February 9, 1988.
On Rehearing June 21, 1988.
Taylor, Porter, Brooks & Phillips, Eugene R. Groves, Baton Rouge, for plaintiffs-appellees.
Roy, Forrest & Lopresto, Alex Lopresto III, New Iberia, for defendant-appellant.
Before DOUCET and KING, JJ., and CULPEPPER[*], J., Pro Tem.
DOUCET, Judge.
Defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals *819 from a trial court judgment holding it liable for payment of a total of $50,000 under the uninsured motorist (UM) provisions of two automobile liability insurance policies issued to plaintiffs, Wesley P. Vincent, Sr. and Grace S. Vincent (Plaintiffs).
Plaintiffs instituted this suit after their twenty-year old son, Chadwick Vincent (Chadwick), was killed when his motorcycle was struck by an automobile driven by Eldred Devore, Jr. Originally named as defendants were Devore along with his two liability insurers Champion Insurance Company (Champion) and Interstate Fire & Casualty Company (Interstate). State Farm was later joined as a defendant. Plaintiffs subsequently settled their claims against Champion and Interstate for $100,000, the combined limits of both policies. Plaintiffs' suit against Devore and those two insurance companies was dismissed. Plaintiffs also received $10,000 from Progressive American Insurance Company (Progressive), the limits of the UM coverage provided under a policy issued to Chadwick. At all times plaintiffs reserved their rights against State Farm.
State Farm issued a policy of liability insurance to Mr. Vincent for a 1973 pickup and to Mr. and Mrs. Vincent for a 1984 passenger car. Each policy provided UM coverage in the amount of $25,000 per person for bodily injury. Prior to trial of this matter, the parties entered into a joint stipulation of facts including: Chadwick was operating a 1973 Harley Davidson motorcycle at the time of the accident; he was the registered owner of that motorcycle; at the time of the accident there was in full force and effect a policy of UM coverage on the motorcycle issued by Progressive providing UM benefits in the amount of $10,000; Chadwick was the son of the plaintiffs and a member of their household; there were the two State Farm policies in effect at the time of the accident; plaintiffs received the full policy limit under the UM coverage provided by Progressive; and, plaintiffs' damages exceed all applicable insurance coverage.[1]
The record contains no reasons for judgment but apparently the trial court found that plaintiffs were entitled to stack UM coverages under both State Farm policies on top of the son's UM coverage provided by Progressive. On appeal State Farm argues that under the facts of this case such stacking is prohibited by law. We agree.
In 1977, the legislature amended La.R.S. 22:1406 D(1)(c) by Acts 1977, No. 623, § 1. Under the amended statute the stacking of, or recovery of benefits provided by, multiple UM coverages available to the same insured[2] is prohibited except under strictly limited circumstances. La.R.S. 22:1406 D(1)(c) states:
"(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other *820 uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant." (emphasis added)
Amended La.R.S. 22:1406 D(1)(c) was first construed by the Louisiana Supreme Court in Courville v. State Farm Mutual Automobile Insurance Co., 393 So.2d 703 (La.1981). In that case Courville, Sr. owned two vehicles, each insured under separate State Farm policies. While driving one of the vehicles, Courville, Jr. was seriously injured by the negligence of an uninsured motorist. He sought to stack the UM coverages under both State Farm policies but could do so only if he fell within the exception in the anti-stacking statute. He was technically within the exception since he was injured "while occupying an automobile not owned by said injured party." The Supreme Court held that the language of the exception was clear and unambiguous; therefore, Courville, Jr. was entitled to recover the full limits of both policies.
Later that same year, in Nall v. State Farm Mutual Automobile Insurance Co., 406 So.2d 216 (La.1981), the Supreme Court set forth three conditions which must be present for the exception permitting stacking to apply: (1) the injured party must have been occupying an automobile not owned by him; (2) there must be UM coverage on the occupied vehicle, which coverage is primary; and, (3) there must be at least one other UM coverage available to the injured party who has not been fully compensated for his damages.
Applying the clear and unambiguous language of La.R.S. 22:1406 D(1)(c), and the interpretations and application of that statute by the Louisiana Supreme Court in Courville and Nall, it is readily apparent that the exception to the anti-stacking rule does not apply to the facts of this case. Chadwick was riding his own motorcycle at the time of the accident and therefore falls outside of the exception provided by La.R.S. 22:1406 D(1)(c). Plaintiffs may not stack either of the State Farm policies on top of the UM coverage provided by Progressive to Chadwick as the owner of the vehicle he was occupying at the time of the accident.
Plaintiffs argue in the alternative that even if they may not stack the UM coverages they should be able to choose which one of the three UM coverages to avail themselves ofone of the State Farm policies or the Progressive policy. Plaintiffs seek to collect under one of the State Farm policies providing $25,000 UM coverage even though they have already collected the full limits of the $10,000 UM coverage provided by Progressive.
State Farm cites provisions in the policies issued to plaintiffs which state that, in cases where there is other UM coverage, if the insured is injured while occupying a vehicle owned by him, only the coverage on such vehicle shall apply. Plaintiffs argue that this type of provision is against public policy and is without effect. We agree. In Hebert v. Breaux, 398 So.2d 1299 (La.App. 3rd Cir.1981) writ denied, 401 So.2d 986 (La.1981) a similar policy limitation was examined by this court and held to be against public policy. We stated:
"At the outset, we observe that the exclusionary provision of the subject policy as quoted above has been declared to be against public policy as expressed in LSA-R.S. 22:1406(D). See Guillot v. Travelers Indemnity Company, 338 So. 2d 334 (La.App. 3 Cir.1976), writ refused 341 So.2d 408 (La.1977); Bourgeois v. United States Fidelity and Guaranty Company, 385 So.2d 584 (La.App. 4 Cir. 1980); Griffin v. Armond, 358 So.2d 647 (La.App. 1 Cir.1978); Thomas v. Nelson, 295 So.2d 847 (La.App. 1 Cir.1974), writ refused 299 So.2d 791 (La.1974); Elledge v. Warren, 263 So.2d 912 (La.App. 3 Cir. 1972), writ refused, 262 La. 1096, 266 So.2d 223. The intent of the statute is to provide protection to an insured who becomes the innocent victim of the negligence of an uninsured motorist. As long as the claimant is an "insured" under the policy, he is entitled to UM coverage *821 whether or not he is driving an automobile insured by the policy. Any exclusion providing more restricted UM coverage is in derogation of the statute. Elledge v. Warren, supra; Griffin v. Armond, supra; Bourgeois v. United States Fidelity and Guaranty Company, supra."
Plaintiffs are not, therefore, prohibited from electing to pursue one of the UM coverages provided by State Farm solely because of this policy provision.
Defendant argues that, under La.R.S. 22:1406 D(1)(c), when the insured was in his own vehicle, and had UM coverage on that vehicle, then even if he has other UM coverage available he is limited to recovery only under the policy covering his own vehicle. As support for its position defendant cites Breaux v. Louisiana Farm Bureau Mutual Insurance Co., 413 So.2d 988 (La.App. 1st Cir.1982), writ denied, 420 So.2d 453 (La.1982). In the alternative, defendant argues that, even if plaintiffs could have elected which UM coverage to avail themselves of, they made their choice upon settlement with their son's UM carrier, Progressive, for $10,000, the limits of the policy.
Recently, in Wyatt v. Robin, 518 So.2d 494, rendered on January 18, 1988, the Louisiana Supreme Court rejected an identical argument in a case presenting a similar factual situation. In Wyatt, the plaintiff suffered severe injuries when the vehicle he owned and was operating collided with one driven by Robin. Wyatt was insured under a policy issued to him and which specifically covered the vehicle he was driving at the time of the accident. The policy provided $5,000 of UM coverage. Because Wyatt resided with his parents at the time of the accident, he also had UM coverage under three policies issued to his parents. Wyatt settled with Robin's insurer to the full amount of coverage$50,000. Wyatt was considered "underinsured" and his own insurer subsequently tendered $5,000, the limits of his UM coverage.
At all times Wyatt reserved his rights against the three insurers who issued the policies to his parents. The trial court granted summary judgments in favor of those three insurers, dismissing Wyatt's suits against them on the grounds that the anti-stacking statute barred any further recovery by Wyatt. The Court of Appeal affirmed, rejecting Wyatt's argument that the anti-stacking statute did not prohibit an insured from selecting which one of several uninsured/underinsured policies to avail himself of.
The Supreme Court reversed and held that the anti-stacking statute did not prohibit a person who has available to him UM coverage under two or more policies from selecting which of those policies to recover under. Rejecting the argument that Wyatt made his selection by accepting the $5,000 UM coverage under his policy, the court quoted language from its decision in Taylor v. Tanner, 442 So.2d 435 (La.1983):
"... We do not believe that the Legislature, by enacting a statute which limits stacking, intended to prohibit a claimant from conditionally accepting the tendered limits of a known excess policy with undisputed coverage and then litigating to determine whether another policy affords coverage with greater limits. Such an interpretation would be directly contrary to the primary objective of the uninsured motorist schemeto protect innocent victims of the negligence of financially irresponsible motorists by providing such victims with full recovery. ..."
As in both Wyatt and Taylor, plaintiffs' "conditional" acceptance of the limits of the Progressive policy while continuing to litigate their right to recover under one of the State Farm policies did not bar their right to eventually choose to recover under one of those policies if coverage was found.
The Supreme Court held in Taylor that, "as long as there is no ultimate recovery which increases the limits of available excess uninsured motorist coverage beyond that provided by any one policy, Subsection 1406 D(1)(c) is not violated, and the purpose of uninsured motorist insurance is fulfilled." Applying that reasoning to the facts of this case we hold that the anti-stacking provision of La.R.S. 22:1406 D(1)(c) is not violated as long as the UM *822 coverage benefits recovered do not exceed: (1) the maximum coverage provided by any one policy; or (2) in the case of multiple motor vehicles covered under one policy, the UM coverage for any one vehicle.
In a footnote to the Taylor case, also noted in the Wyatt case, the Supreme Court suggests that in a case such as the one at bar, rather than require a complicated procedure wherein plaintiffs would refund to Progressive the amount previously accepted, a more expedient disposition might be to render judgment against State Farm for an amount which, when added to the $10,000 received from Progressive, would provide plaintiffs with a recovery up to the limits of the policy they finally elect to recover under. In this case plaintiffs seek to pursue recovery under one of the State Farm policies which provide UM coverage in the amount of $25,000. Accordingly we will amend the judgment of the trial court to reduce the award made to plaintiffs to $15,000.
Plaintiffs seek attorney's fees and penalties under La.R.S. 22:658 claiming that State Farm's failure to pay on either of the policies was arbitrary, capricious, or without probable cause. Considering that the legal issues presented have just been resolved by the Louisiana Supreme Court, no penalties and attorney's fees are warranted for defendant's action as it is not arbitrary or capricious.
For the reasons assigned we amend the judgment of the trial court and recast it to read as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be and judgment is hereby rendered in favor of plaintiffs, WESLEY P. VINCENT, SR. and GRACE S. VINCENT, and against defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, in the sum of FIFTEEN THOUSAND AND NO/100 ($15,000.00) DOLLARS, together with legal interest as provided by law.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that costs of court at both the trial and appellate levels be assessed equally between the plaintiffs and defendant.
AMENDED, AND AS AMENDED, AFFIRMED.

ON REHEARING
PER CURIAM.
We granted a limited rehearing to reconsider the issues of whether, in a case such as the one at bar, a mother may recover the full limits of UM coverage provided by one policy and a father, the full limits of UM coverage provided by a different policy, for the wrongful death of their son, without offending the anti-stacking provision contained in La.R.S. 22:1406 D(1)(c), and the proper taxation of court costs.
Plaintiffs, Mr. and Mrs. Vincent, are insureds under the terms of each of two State Farm policies. The UM provisions of each policy provide $25,000 coverage to an insured for bodily injury and/or death resulting from an accident. Each policy limits coverage to $25,000 for "all damages due to bodily injury to one person." Before the enactment of La.R.S. 22:1406 D(1)(c) in 1977, regardless of policy limitations, the Louisiana jurisprudence allowed an insured or insureds to "stack" as many UM coverages as available to him (them). Since the enactment of La.R.S. 22:1406 D(1)(c) it is clear, as we stated in our original opinion, that Mr. and Mrs. Vincent, together, may not stack both UM coverages of $25,000 on top of each other or stack one or both of them on top of the UM coverage provided under the policy issued to their deceased son, Chadwick. We held that the Vincents, together, could elect to recover an amount equal to the limits of one single policy. On application for rehearing plaintiffs assert that they each may select a separate policy to recover under since they each have a separate claim for the wrongful death of Chadwick; they are each insureds under the terms of both policies, and the UM coverage provided under these two policies applies separately to each of them. They contend that allowing each of them to select a policy is not stacking the policies or increasing the coverages and therefore is not prohibited *823 by the anti-stacking provision of La.R.S. 22:1406 D(1)(c).
As support for their position plaintiffs cite the case of Rogers v. Ambassador Insurance Company, 452 So.2d 261 (La. App. 5th Cir.1984), writ denied, 457 So.2d 14 (La.1984). In Rogers the plaintiff sought to recover for the wrongful death of his mother, the full limits of UM coverage under a policy of insurance issued to him. Plaintiff's siblings already had recovered the policy limits of UM coverage under a separate policy of insurance insuring the automobile plaintiff's mother was in. The trial court held that plaintiff's recovery under his policy was not prohibited by La. R.S. 22:1406 D(1)(c)it was not stacking. The court in Rogers noted, however, that it was unclear as to the precise nature of the amounts recovered by plaintiff's siblings under the other policy since those siblings had also been passengers in the automobile with their mother at the time of the accident and had, themselves, suffered personal injuries. The inference was that the siblings probably recovered under the other policy for their own injuries. The Vincents' reliance on Rogers is misplaced. The facts in Rogers would be analogous if, for instance, Mrs. Vincent had been riding with her son when he was killed and had suffered personal injuries for which she recovered the policy limits under the UM provision of one State Farm policy. All Rogers stands for is that in such a case Mr. Vincent could then recover under the UM provision of the other State Farm policy for the wrongful death of his son.
In our original opinion we relied on the recent decision by the Louisiana Supreme Court in Wyatt v. Robin, 518 So.2d 494 (La.1988). In Wyatt plaintiff was injured in an automobile accident with an underinsured motorist while driving his own vehicle. The La. Supreme Court held that plaintiff could elect which single UM coverage to recover under out of four policies available to him. The Court reiterated its holding in Taylor v. Tanner, 442 So.2d 435 (La.1983) that plaintiff could still elect to recover under a particular policy even though he had already settled to the full limits of UM coverage provided by a different policy. As long as the ultimate recovery did not exceed the UM coverage limits provided by any one policy for one vehicle La.R.S. 22:1406 D(1)(c) was not violated.
In Taylor v. Tanner, supra, a widow and her three children sought to recover damages for the wrongful death of their husband and father. The exception to the anti-stacking provision applied and the plaintiffs were allowed to stack one UM coverage on top of the primary coverage on the vehicle in which the deceased was a passenger. Plaintiffs accepted the tendered limits of UM coverage of one applicable policy while litigating their right to recover under a policy with higher UM coverage limits. As it later reiterated in Wyatt, supra, the Court held that plaintiffs were entitled to recover up to the full UM coverage limits of any one policy available to them.
Accepting plaintiffs' argument in the case at bar and applying it to the facts of Taylor the Court could have held that, even without applying the exception to the anti-stacking provision, the widow and two of her children could have separately recovered under the three available policies for their separate wrongful death claims. Apparently, this issue was not before the Court in Taylor.
Plaintiffs contend that La.R.S. 22:1406 D(1)(a) has been liberally interpreted to provide maximum recovery under available UM coverage. They reason that since this provision has never been amended to overrule jurisprudence interpreting it and since La.R.S. 22:1406 D(1)(c), the anti-stacking provision, contains no language prohibiting separate insureds from electing to recover under separate policies, they should each be entitled to elect which UM coverage to avail themselves.
The anti-stacking provision of La. R.S. 22:1406 D(1)(c) states in pertinent part:
"(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor *824 vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy;..."
The provision only refers to limits of UM coverage of "the insured." Plaintiffs assert that they are each "insureds." We disagree and feel their interpretation of the statute is in error. By enacting La.R.S. 22:1406 D(1)(c) we feel the legislature intended, in a case such as the one at bar, to restrict total recovery to the limits of UM coverage provided under one policy. The statutory provision, by referring to "the insured," contemplates the person who suffers the bodily injury or bodily injury resulting in death. Salter v. State Farm Mutual Automobile Ins. Co., 520 So.2d 877 (La.App. 3rd Cir.1987). In a case where the tort victim dies a number of persons may suffer wrongful death damages and be insureds under the terms of the UM coverages. However, plaintiffs' wrongful death claims here grow out of a single occurrence with a single bodily injury to a single insured person resulting in his death. The public policy announced by the legislature in enacting La.R.S. 22:1406 D(1)(c) was the limitation in such a case to a total maximum recovery of no more than the full limits of UM liability coverage contained in one policy covering one vehicle. The enactment of this legislation was motivated by a desire to eliminate the practice by a claimant or claimants of recovering for personal injuries and damages for wrongful death under multiple UM coverages. "[M]ultiple persons recovering for a wrongful death should be restricted to the same total recovery which would have been available to the injured person if he had survived." McKenzie & Johnson, 15 La. Civil Law Treatise § 123 (1986). Therefore, our original decision remains that the plaintiffs, Mr. and Mrs. Vincent, together, may elect which single UM coverage to avail themselves of.
However, since plaintiffs were entitled to elect coverage under one of defendant's policies we now feel inclined to modify our apportionment of costs at the appellate level and assess all costs on appeal against defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Uninsured motorist protection makes coverage available not only when the tortfeasor has no liability insurance but also where the liability insurance coverage "is less than the amount of damages suffered by an insured." La.R.S. 22:1406 D(2)(b).
[2] We will use the word "insured" in this opinion both when referring to the person actually insured, Chadwick, and to plaintiffs, Mr. and Mrs. Vincent, who are his beneficiaries.