STOKER, Judge.
The issue in this case concerns the anti-stacking statute, LSA-R.S. 22:1406(D)(1), for uninsured motorist (UM) insurance: Does the anti-stacking statute allow an insured motorist, injured in her own automobile, to collect UM and medical benefits primarily under her own insurance policy and secondarily under her father’s insurance, under which she is an “omnibus insured”? The trial court held that this would violate the anti-stacking statute and rendered a summary judgment in favor of the insurer, Aetna Casualty and Surety Company. We affirm.
FACTS
This case arises out of a two-car collision on June 25, 1987 between Linda Bonstill, who was driving her own car, and Kimberly Avant. Avant was at fault in causing the accident but was uninsured at the time. Linda sustained injuries.
Linda filed suit against her uninsured motorist insurer, Aetna, claiming the policy limits under her uninsured motorist and medical benefits insurance. Aetna paid these amounts. After receiving these payments, Linda amended her original petition to add an additional claim for uninsured motorist and medical benefits insurance under her father’s policy, also issued by Aet-na. William Bonstill’s policy covered his own vehicle. Linda was a member of her father’s household at that time and, as *1069 such, claims that she falls within the omnibus clause of her father’s policy.
The trial court held that Linda was prohibited from stacking the two uninsured motorist insurance policies by the anti-stacking statute, LSA-R.S. 22:1406(D)(1), and dismissed her claims against Aetna. Linda Bonstill appeals this judgment.
OPINION
UNINSURED MOTORIST COVERAGE
Linda Bonstill contends on appeal that she should recover, under the omnibus insured clause, uninsured motorist benefits under her father’s policy as excess insurance since her own insurance, the primary coverage, has been exhausted.
The anti-stacking statute and the statutory exception to it are set forth in LSA-R.S. 22:1406(D)(l)(c), as follows:
“§ 1406. Specific duties of casualty and surety division; uninsured motorist coverage; temporary substitute vehicles and rental vehicles
“D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.”
* s¡s * sfc * >H
“(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
“(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
“(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
“(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
The exception to the anti-stacking statute was construed by the Supreme Court in Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216 (La.1981). The Supreme Court held that three conditions must be present in order for the anti-stacking exception to apply: (1) the injured party must have been occupying' an automobile not owned by him; (2) there must be UM coverage on the occupied vehicle, which coverage is primary; and (3) there must be at least one other UM coverage available to the injured party who has not been fully compensated for his damages. See also, W.S. McKenzie and H.A. Johnson, III, 15 La. Civil Law Treatise: Insurance Law and Practice § 122 (West 1986).
Linda Bonstill is attempting to stack her own and her father’s uninsured motorist insurance. The circumstances of her accident clearly do not fit within the exception to the anti-stacking statute in that she was occupying her own automobile. However, Linda argues that LSA-R.S. 22:1406(D)(l)(c)(ii) is not intended to limit recovery under (c)(i). This argument was addressed by this court in a similar case, Vincent v. State Farm Mut. Auto. Ins. Co., 526 So.2d 818, 821 (La.App.3d Cir.), writ denied, 532 So.2d 150 (La.1988). Vincent and Wyatt v. Robin, 518 So.2d 494 (La.1988), presented the same fact situations as in the case before us, i.e., the plaintiff was injured while occupying a vehicle which he owned and which was covered by his own UM insurance. In both cases, as in this one, the insured was residing with his parents at the time of the accident and attempted to stack his parents’ UM insurance, under which he was an *1070 Omnibus insured, with his own. The court in Vincent reasoned as follows:
“Recently, in Wyatt v. Robin, 518 So.2d 494, rendered on January 18, 1988, the Louisiana Supreme Court rejected an identical argument in a case presenting a similar factual situation.”
******
. “The Supreme Court reversed and held that the anti-stacking statute did not prohibit a person who has available to him UM coverage under two or more policies from selecting which of those policies to recover under. Rejecting the argument that Wyatt made his selection by accepting the $5,000 UM coverage under his policy, the court quoted language from its decision in Taylor v. Tanner, 442 So.2d 435 (La.1983): ‘... We do not believe that the Legislature, by enacting a statute which limits stacking, intended to prohibit a claimant from conditionally accepting the tendered limits of a known excess policy with undisputed coverage and then litigating to determine whether another policy affords coverage with greater limits. Such an interpretation would be directly contrary to the primary objective of the uninsured motorist scheme — to protect innocent victims of the negligence of financially irresponsible motorists by providing such victims with full recovery....’
“As in both Wyatt and Taylor, plaintiffs’ ‘conditional’ acceptance of the limits of the Progressive policy while continuing to litigate their right to recovery under one of the State Farm policies did not bar their right to eventually choose to recover under one of those policies if coverage was found.
“The Supreme Court held in Taylor that, ‘as long as there is no ultimate recovery which increases the limits of available excess uninsured motorist coverage beyond that provided by any one policy, Subsection 1406D(l)(c) is not violated, and the purpose of uninsured motorist insurance is fulfilled.’ Applying that reasoning to the facts of this case we hold that the anti-stacking provision of La.R.S. 22:1406D(l)(c) is not violated as long as the UM coverage benefits recovered do not exceed: (1) the maximum coverage provided by any one policy; or (2) in the case of multiple motor vehicles covered under one policy, the UM coverage for any one vehicle.” (Emphasis added.)
See also, Branch v. O’Brien, 396 So.2d 1372 (La.App. 2d Cir.), writ denied, 400 So.2d 905 (La.1981).[1]
The limit of Aetna’s liability for bodily injury to each person under William Bons-till’s UM insurance is $25,000, the same limit which applies to Linda Bonstill’s insurance. Therefore, Linda Bonstill is not entitled to recover under William Bonstill’s UM policy because she has already recovered the maximum coverage provided by any one policy ($25,000) under her own UM insurance.[2]
MEDICAL PAYMENTS COVERAGE
Linda Bonstill also contends on appeal that she is entitled to recover the $2000 medical payment provided under William Bonstill’s liability insurance as an omnibus insured. William Bonstill’s liability policy has the following exclusion under Medical Payments Coverage:
“EXCLUSIONS We do not provide Medical Payments Coverage for any person for bodily injury:”
*1071 “6. Sustained while occupying, or when struck by, any vehicle (other than your covered auto) which is:
a. owned by any family member; or
b. furnished or available for the regular use of a family member.
“However, this exclusion does not apply to you.” Since Linda was injured while occupying her own automobile, she is clearly not entitled to recover the medical payment under her father’s policy due to this exclusion.
However, Linda argues that the medical payment coverage is ambiguous, pointing to the subsection entitled “Other Insurance,” which states:
“If other auto medical payments insurance applies to the loss, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.”
Under the definitions in the Medical Payments Coverage section, “you” refers to the named insured, William Bonstill.
Construing this subsection with respect to the rest of the Medical Payments Coverage section, it clearly refers to other insurance available to William Bonstill, i.e., liability insurance covering a vehicle which he does not own and in which he is injured. This subsection is not applicable to Linda Bonstill since she is not insured under the medical payments coverage, under the facts of this case. There is no ambiguity which would afford coverage to Linda Bonstill.
CONCLUSION
For the reasons given, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Linda Bonstill.
AFFIRMED.

. By supplemental brief, plaintiff cites the case of Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990), in support of her argument on appeal. We find this case to be factually inapplicable to the case and issue before us.

. We note that since the time of the accident herein the legislature has amended LSA-R.S. 22:1406(D) by adding subsection (l)(e), which limits the holding of Wyatt. Under the 1988 amendment, the owner occupying his own vehicle at the time of the accident is entitled to coverage only under the policy, if any, covering that vehicle. Of course, since this amendment affects substantive rights, it is not given retroactive effect and so does not apply to the case before us. See W.S. McKenzie and H.A. Johnson, III, 15 La.Civil Law Treatise: Insurance Law and Practice § 123 (West 1990).