808 So.2d 792 (2002)
Mary SEITHER Individually and in Her Capacity as Tutrix of the Minors Mark Seither and Stephen Seither
v.
WINNEBAGO INDUSTRIES, INC., Bernard J. Seither, AIU Insurance Company and State Farm Mutual Automobile Insurance Company.
No. 2000-CA-2196.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2002.
*793 George W. Healy, IV, Catherine Leary, Law Offices of George W. Healy, IV, New Orleans, LA, Counsel for Plaintiff/Appellant.
C. Gordon Johnson, Jr., James R. Nieset, Jr., Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY.
Judge MICHAEL E. KIRBY.
The issue in this appeal is whether the statutory prohibition against stacking uninsured/underinsured motorist (UM) policies is implicated in a case in which the plaintiff filed a lawsuit in her personal and representative capacity against two separate policies to recover damages for the deaths of her husband and son and for injuries to two other sons, all in one accident.

STATEMENT OF THE FACTS
The lawsuit originated after a one-vehicle accident on July 31, 1999. Bernard Seither was the owner and driver of a Winnebago, which crashed into a tree. Bernard Seither's son, Kurt Seither Sr., and minor grandsons, Kurt Jr., Mark, and Stephen Seither, were guest passengers in the Winnebago. Kurt Sr. and Kurt Jr. died in the accident; Mark and Stephen were injured.
Kurt Sr.'s widow and the mother of the three boys involved in the accident, Mary Seither sued, among others, State Farm Mutual Insurance Company, seeking damages for personal injuries/survivorship and the wrongful deaths of Kurt Sr. and Kurt, Jr. and personal injuries to Mark and Stephen. The plaintiff, Mary Seither, sued in her individual capacity and in a representative *794 capacity for the separate claims relating to the four injured or killed family members.
State Farm is the UM insurer under two policies of insurance issued to Mary and Kurt Seither, the named insureds on each policy. Under the terms of the policies, each of the Seithers' sons is also "an insured." Both of the policies have limits of $25,000 per person and $50,000 per accident. State Farm unconditionally tendered the entire $50,000 limit of one of the UM policies to the plaintiff.
The plaintiff and State Farm filed cross motions for summary judgment on the issue of coverage under the remaining State Farm policy. Finding that La.R.S. 22:1406(D)(1)(c), the "anti-stacking" statute, prohibited recovery under the second State Farm UM policy, the trial court granted State Farm's motion for summary judgment and denied plaintiff's cross motion for summary judgment. With State Farm dismissed from the lawsuit, the plaintiff appeals the trial court's June 26, 2000 judgment.
In her first assignment of error, the plaintiff argues that allowing recovery under the second of the two State Farm policies would not violate the anti-stacking statute. She asserts that each of the four injured persons whom she represents was insured under both State Farm policies. She contends that the language of the statute allows each injured person to recover under one UM policy and that jurisprudence allows the injured person to choose between policies. Therefore, she claims that she, in her representative capacity, is choosing to advance the claims of Kurt Sr. and Mark for recovery under one policy and the claims of Kurt Jr. and Stephen for recovery under the second policy. Hence, she contends that she should be able to recover $25,000 for each of the two injured persons under the first policy and $25,000 for each of the two injured persons under the second policy for a grand total of $100,000.
Similarly, in her second assignment of error, the plaintiff argues that the language in the State Farm policy supports her argument in this appeal.

STATEMENT OF THE LAW
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B. There is no genuine issue of material fact as to State Farm's policies, and the question we will answer is whether State Farm or the plaintiff is entitled to judgment as a matter of law.
The issue in this case involves the stacking of multiple UM policies. In Boullt v. State Farm Mutual Auto. Ins. Co., 99-0942 (La.10/19/99), 752 So.2d 739, the court defined the concept of stacking:
Stacking of UM coverages occurs when the amount available under one policy is inadequate to satisfy the damages alleged or awarded the insured and the same insured seeks to combine or stack one coverage on top of another for the same loss covered *795 under multiple policies or under multiple coverages contained in a single policy. Interpolicy stacking occurs when the insured attempts to recover UM benefits under more than one UM coverage provision or policy, while intrapolicy stacking occurs when the insured attempts to recover UM benefits under a single policy of insurance covering multiple motor vehicles. See La. R.S. 22:1406(D)(1)(c); Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3D § 169.4, at 169-15 to -14, 169.7, at 169-20 to21 (3d ed.1998); see also Wyatt v. Robin, 518 So.2d 494, 496 (La.1988) (Lemmon, J., concurring).
752 So.2d at 742. [Emphasis added.]
The plaintiff's desired course of action seeking UM recovery for four different insureds under two State Farm policies is not "stacking" pursuant to the explanation provided by the court in Boullt because none of the four (4) insured persons are seeking to recover under more than one insurance policy. Each of the four insured persons are simply selecting between the first policy or the second.
In Boullt, the court determined that divorced parents with separately owned insurance policies could recover damages under their respective policies for the wrongful death of their minor daughter who was a guest passenger in a vehicle not owned by either parent. Thus, the court noted:
Simply stated, this case is not a situation of an insured stacking but of distinct and individual insureds each seeking separate recovery under separate policies covering the same event.
752 So.2d at 745.
The statutory source of the notion of "stacking", La.R.S. 22:1406(D), also fails to provide State Farm with language covering the situation presented in the instant case. La.R.S. 22:1406(D) provides in pertinent part:
(1)(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
As the plaintiff points out, the language of the statute focuses on the action of a single insured seeking to recover under more than one UM policy, not multiple insureds seeking separate recoveries under different UM policies. In this case, although Mary Seither is the only plaintiff, she is seeking recovery as the representative *796 for four separate insureds under both policies.
State Farm argues that the language of its policies precludes recovery under more than one State Farm UM policy for this accident. The policy language State Farm relies upon is contained in section three, "UNINSURED MOTOR VEHICLE-COVERAGE U":
Limits of Liability Under Coverage U
1. The amount of coverage is shown on the declarations page under "Limits of LiabilityUEach Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury, including bodily injury and damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to bodily injury to two or more persons in the same accident.
* * *
5. The limits of liability are not increased because:
a. more than one vehicle is insured under this policy; or
b. more than one person is insured at the time of the accident
This language, however, does not prohibit recovery under two separate State Farm policies in this case. We interpret the "total amount of coverage" to mean the total amount of coverage under the particular policy in question. This interpretation is supported, as the plaintiff explains, because two other sections of each policy, entitled "Liability-Coverage A" and "Medical Payments-Coverage C", contain explicit provisions contemplating and resolving a situation when State Farm has issued multiple policies to an insured; the UM section does not contain this provision. Moreover, again as the plaintiff argues, she is not trying to increase the limits of liability in either of the policies, which is what the policy provision offered by State Farm prohibits.
We, therefore, find nothing in the jurisprudence, La.R.S. 22:1406, or the terms of the State Farm policies to prevent the plaintiff from seeking recovery on behalf of the four insureds under both State Farm policies. Rather than trying to "stack" the two policies, the plaintiff is simply electing to pursue recovery separately for injured or killed insureds on whose behalf she acts.
An insured's ability to choose among policies was set out in Wyatt v. Robin, 518 So.2d 494 (La.1988). In Wyatt, the Louisiana Supreme Court held that a person who is insured under more than one policy and who is injured while occupying an owned vehicle may select, from among those policies, the one under which he would prefer to recover.
However, in 1988, the Louisiana Legislature passed Act No. 203 adding LSAR.S.-22:1406(D)(1)(e), which provides in pertinent part:
The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which the claim was made ...
Through this amendment, the Legislature intended to preclude owners from carrying UM coverage only on selected family vehicles, while still gaining benefit of such protections regardless of which vehicle happens to be involved in an accident. *797 Instead, in such circumstances, the lawmakers restricted UM coverage to that policy covering the occupied automobile. Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2nd Cir.1991); Bamburg v. State Farm Mut. Auto. Ins., 647 So.2d 447, 448 (La.App. 2nd Cir.1994).
In Haltom v. State Farm Mutual Automobile Insurance Co., 588 So.2d 792 at 795 (La.App. 2nd Cir.1991), the Second Circuit Court of Appeal discusses the rationale for this provision:
However, the amendment to the UM statute was clearly designed to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy.
The intent of the statute cannot be circumvented by allowing different members of the same household to actually own the different vehicles and waive the coverage on all but one. Regardless which member of the household owns the vehicle involved in the accident, if coverage is waived on that vehicle there can be no recovery on the coverage of other vehicles owned by other members of the same household that do not list the vehicle involved in the accident in their policy.
Nevertheless, because the instant case involves a vehicle not owned by the insureds or a resident family member, the prohibition of La.R.S. 22:1406(D)(1)(e) is not applicable. Thus, Wyatt is instructive to us regarding an insured's ability to select among policies for recovery when in an accident in a "non-owned" vehicle.
In other words the following legal principles govern this case. First, a person who is "insured" under the UM provisions of several different insurance policies may recover under one and only one of the policies.[1] La. R.S. 22:1406(D)(1)(c). Second, if multiple policies apply, the insured person is entitled to select against which he or she seeks to recover, provided La. R.S. 22:1406(D)(1)(e) does not apply. See Wyatt v. Robin, 518 So.2d 494, 495-496 (La.1988). Third, when the insured dies prior to asserting the claim or is a minor, the insured's legal representative may act to assert the insured's claim. La. C.C.P. art. 686 (tutor has capacity to sue on behalf of unemancipated minor); La. C.C. art. 2315.1 (survival action); La. C.C. art. 2315.2 (wrongful death).
Kurt, Senior, was insured under two policies. He died before asserting his claim, so his legal representative acts to assert his claim against the first of the two policies.
Kurt, Junior, was insured under two policies. He died before asserting his claim, so his legal representative acts to assert his claim against the second of the two policies.
Mark was insured under two policies. He is a minor so his legal representative acts to assert his claim against the first of the two policies.
Stephen was insured under two policies. He is a minor so his legal representative acts to assert his claim against the second of the two policies.
Thus, each insured has selected one, and only one, policy from which to recover. The fact that all four insureds act through *798 the same legal representative, Mary Seither, is fortuitous. There is no violation of the anti-stacking statute.
For these reasons, we find that the trial court erred as a matter of law in finding that the plaintiff could not seek recovery under the second State Farm policy on behalf of two of the insureds and in granting summary judgment in favor of State Farm. The trial court further erred in denying the plaintiffs cross motion for summary judgment. Accordingly, we reverse the grant of summary judgment in favor of State Farm and the denial of summary judgment to the plaintiff.
REVERSED.
NOTES
[1] The exception contained in LSA-RS 22:1406(D)(1)(c)(ii), which permits recovery under two different UM policies under certain limited circumstances, does not apply to the facts of our case. Thus, each of the four injured persons involved in our case seeks to recover against one and only one UM policy.