CHASEZ, Judge.
Plaintiff, Louisiana Materials Company, Inc., filed suit against defendant, Johnny Turcich, Jr. to collect the sum of $3,838.24 allegedly owed by the defendant for delivery of clam shells and other materials. Defendant answered, alleging payment in full by reason of assignment to plaintiff of his claim against Mike Bradford & Co., Inc. and additionally asserted a reconven-tional demand for $122.47 in overpayment.
Judgment in the lower court was rendered granting a motion by the plaintiff for a summary judgment and rejecting defendant’s reconventional demand. Defendant has appealed devolutively, asserting a genuine issue of fact exists and, as such, summary judgment is improper.
It is uncontroverted that from April 7, 1967 through December 19, 1967 material in the form of clam shells, mix and sand was delivered by the plaintiff to defendant. *721 No payments were made by defendant on this account whereupon the plaintiff instituted a suit on March 29, 1968 to recover the sum of $3,838.24 as due on the account.
On April 11, 1968, upon plaintiff’s demand, the defendant declaring “that he is justly and truly indebted to Louisiana Materials Co., Inc. in the full and true sum of Three Thousand Eight Hundred Thirty-Eight and 24/100 ($3,838.24) Dollars” assigned to plaintiff by notarial act requested and drawn by plaintiff a claim for $3,810.71 owed to him by Mike Bradford and Co., Inc. for general subcontracting work performed at the construction of an air station at Belle Chasse, Louisiana, for the United States Coast Guard; said assignment and transfer being “in partial payment” of defendant’s indebtedness.
Subsequently Mike Bradford and Co., Inc. was declared bankrupt and its surety has denied liability under the assignment asserting no payment is due Turcich or his assignee as his claim is not valid by reason of overpayment to Turcich for his performance under the contract.
Plaintiff reasserted his demand upon defendant who answered that the assignment constitutes the discharge of his obligation and payment in full when considered with the fact that he paid an additional $150.00 to plaintiff and since $27.53 of said $150.00 constituted payment in full he asserted a reconventional demand for the remainder by reason of overpayment.
For a determination of the issues presented herein we must determine whether or not the propounded document is an assignment or a novation. One of the elements of novation is the express discharge of the original debtor LSA-C.C. Art. 2185, 2190. Hayes v. Claterbaugh, 140 So.2d 737 (La.App., 2d Cir. 1962). In the present case there is no language in the document other than “in partial payment” which would indicate the discharge of the debtor. Further, LSA-C.C. Art. 2187 expressly provides for the extinguishment of the preexisting obligation in toto; if it is only modified then there is no novation. See also 6 C.J.S. Assignments § 2b (9). The essential issue therefore, is not one of no-vation, but rather one of assignment.
Since we have determined that the notarial act executed by plaintiff and defendant is an assignment we must ascertain if this assignment constitutes payment of defendant’s debt on its face and at the same time determine if the summary judgment was properly granted.
At the heart of the problem is the bankruptcy of the debtor, Mike Bradford and Co., Inc. and the alleged overpayment and denial of liability by the surety. It has long been the law of Louisiana that the seller, or in this case the vendor of a claim, does not warrant the solvency of the debtor, unless he has agreed to a warranty. LSA-C.C. Art. 2647. He does, however, warrant the existence of the credit or claim at the time of the transfer. LSA-C.C. Art. 2646. The assignor also warrants that the credit is fully due him. Fritz Jahncke, Inc. v. Fidelity & Deposit Co. of Maryland, 166 La. 593, 117 So. 729 (1928).
Plaintiff, by affidavit on motion for Summary Judgment introduced into evidence the fact that the debtor was notified of the assignment on April 17, 1968. Subsequently, the debtor went bankrupt and the surety for the debtor denied liability, asserting overpayment of monies due on the contract to Turcich as its reason.
Whether or not the defendant had a valid assignable claim at the time of assignment is a question of fact. The surety’s letter denying liability produces another question of fact; did the debtor pay to the defendant money which was supposed to be assigned to the plaintiff and, if so, when, before or after the assignment ?
*722 The trial court determined that the assignment in this instance was merely security for the plaintiff. From the face of the document no words evidencing security are readily apparent; instead, the words “in partial payment” appear. Whether or not this assignment was for mere security is a question of the intention of the parties. The determination of intention is a question of fact, especially in view of the fact that plaintiff drafted the document and the affidavits produced shed no light on the issue.
A summary judgment will not be granted unless there is no genuine issue as to a material fact and the mover is entitled to judgment as a matter of law. LSA-C. C.P. Art. 966. Plaintiff filed affidavits in support of his motion and defendant did not. Plaintiff as mover for a summary judgment carries the burden of establishing that there is no material factual issue involved.
A mover must prove by affidavit or other documents admissable as evidence that there is no material fact at issue. By the very motion for summary judgment there must be no issue as to the material facts. Plaintiff asserts that since defendant has filed no opposing affidavits or supporting documents the motion for summary judgment must be granted. We do not agree. The questions of fact which appear in this case arise out of the assignment entered into by the parties. The affidavits profferred do not substantiate the claim of plaintiff that there is no material factual issue involved. Instead, they present factual issues in themselves which dictate a determination by trial on the merits. We are therefore convinced that plaintiff has not carried his burden of proof to support a motion for summary judgment.
For the above and foregoing reasons the summary judgment of the lower court is reversed and the case remanded for trial on the merits.
Reversed and remanded.