346 So.2d 743 (1977)
ACME REFRIGERATION OF BATON ROUGE, INC.
v.
CALJOAN, INC. and Harry A. Dawson.
No. 11169.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
*745 Michael H. Rubin, Baton Rouge, of counsel, for plaintiff-appellee Acme Refrigeration of B. R., Inc.
Frederick Gisevius, Robert J. Shearman, New Orleans, of counsel, for defendants-appellants Caljoan, Inc., and Harry A. Dawson.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
Acme Refrigeration of Baton Rouge, Inc., Adrian E. Kaiser, Jr., John L. Kaiser, and Kaiser Rentals brought this suit based on unjust enrichment to recover from the defendants, Caljoan Inc. and Harry A. Dawson, property taxes paid pursuant to an erroneous tax assessment. Plaintiffs filed a motion for summary judgment which was granted by the trial court. From this judgment, the defendants have appealed.
An examination of the record discloses the following facts. On June 30, 1967, Frederick J. Gisevius, Jr. and Harry A. Dawson purchased a tract of land in East Baton Rouge Parish, Frederick J. Gisevius, Jr. sold his interest in the property to Caljoan Inc. on January 2, 1968. During the year 1968, the defendants, Caljoan Inc. and Harry Dawson, obtained a building permit for the construction of an air conditioning supply house on this property. The improvements resulting from this construction were assessed at $12,000.00 by the Assessor of East Baton Rouge Parish.
When the value of these improvements was added to the tax rolls, an error occurred which resulted in the improvements being charged to the assessment on the plaintiffs' property.
The defendants were not assessed for the improvements, nor did they pay taxes on the improvements during 1969 through 1972. Plaintiffs paid this erroneous assessment from 1969 through 1972. Thereafter the error was brought to the Assessor's attention and corrected.
Plaintiffs brought this suit to recover the taxes they erroneously paid, claiming that the defendants had been unjustly enriched.
On this appeal, the defendants have urged seven specifications of error. These fall into three general categories: error relating to the defendants' exception of improper venue, error in allowing this action to proceed under the theory of unjust enrichment, and error in granting the motion for summary judgment.

I
The defendants contend that the trial court erred in overruling their exception of improper venue.
We pretermit the question of whether venue was proper ab initio since any objections to venue were waived by the failure of the defendants to raise them through a properly filed declinatory exception.
A declinatory exception of improper venue is waived unless pleaded before filing an answer or making a general appearance. LSA-C.C.P. articles 44 and 925. In the instant case, the filing of the peremptory exceptions of prescription, no right of action, and no cause of action in the same pleading with the declinatory exception of improper venue constituted a general appearance which waived the declinatory exception. Polmer v. Spencer, 256 So.2d 766 (La.App. 1st Cir. 1971).
We find no merit in defendants' contention that the "express reservation" of rights regarding the issue of venue prevented the declinatory exception from being waived.
*746 Under LSA-C.C.P. art. 925, all objections which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter, are waived when a defendant makes an appearance. Therefore the only way to preserve an objection to venue is to plead it prior to an appearance. The last paragraph of LSA-C.C.P. art. 925 is clear and carries with it no "reservation of rights" language.
We agree with the trial court's ruling that the defendants' express reservation was ineffective to prevent the objection to venue from being waived by an appearance.
The defendants further contend that the right to object to venue was reacquired when the plaintiffs filed an amended petition on December 31, 1975 adding additional plaintiffs since this amounted to the institution of a new suit.
We find that the amendment was properly allowed under LSA-C.C.P. art. 1151, and it related back to the date of the filing of the original petition. LSA-C.C.P. art. 1153. We find as did the trial court that the amendment did not amount to the institution of a new suit.

II
The defendants urge that this is an inappropriate case in which to apply the doctrine of unjust enrichment and that plaintiffs' action has prescribed.
The trial court held that plaintiffs' action was proper as an "actio de in rem verso" citing Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974). We agree.
The actio de in rem verso is a restitutionary remedy founded upon principles of unjust enrichment as embodied in the moral maxim contained in Civil Code Article 1965 "that no one ought to enrich himself at the expense of another." Five limitations have been applied to the actio de in rem verso and each must be satisfied before the remedy becomes available. These limitations, as set forth in Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), are: an enrichment, an impoverishment, a causal connection between the enrichment and the impoverishment, no justification or legal cause for the enrichment/impoverishment, and no other available remedy at law.
In the instant case, we find that the defendants were, in fact, relieved of the payment of a portion of the property tax chargeable to their property and thereby enriched to that extent while, at the same time, the plaintiffs were impoverished by the payment of said tax. The causal connecting factor in this case was the mistake in the assessor's office, but this mistake can in no way be considered as a legal justification for the enrichment.
The fifth limitation is designed to prevent a plaintiff from resorting to the equitable remedy de in rem verso when another remedy, expressly provided by law, is available against the defendant. The issue is whether or not these plaintiffs had an available remedy at law against these particular defendants. The trial court answered in the negative and we agree.[1]
We find that the five limitations applicable to the actio de in rem verso as stated in Minyard are satisfied in the instant case.
Additionally, we note that plaintiffs' action is proper as one based on quasi contract under LSA-C.C. art. 2302. This article states:
Art. 2302.
"He who has paid through mistake, believing himself a debtor, may reclaim what he has paid."
Though we have not found any case[2] which specifically states that this restitution *747 may be claimed from the true debtor, we believe that the action allowed by this article will lie against either the creditor or the true debtor. We are supported in this view by the general principles of unjustified enrichment stated in LSA-C.C. art. 1965.
The prescriptive period applicable to both the action for unjust enrichment (actio de in rem verso) and the action based on quasi contract is ten years. Minyard v. Curtis Products, Inc., supra; LSA-C.C. art. 3544.
Accordingly, the trial court was correct in overruling the defendants' exceptions of prescription, no right of action, and no cause of action.

III
The final category assigned by the defendants as error deals with the granting of the plaintiffs' motion for summary judgment.
The defendants contend that the trial court erred in refusing to consider the affidavits offered in opposition to the motion for summary judgment, and in granting the motion for summary judgment since numerous issues of fact remained unresolved.
Affidavits in opposition to a motion for summary judgment are governed by LSA-C.C.P. articles 966 and 967. Under article 966, an adverse party may serve opposing affidavits prior to the date of the hearing on the motion for summary judgment. The time limitation established by this article is mandatory so that affidavits not timely filed are inadmissible and properly excluded.
In the instant case, opposing affidavits which were not offered until the morning of the hearing were properly excluded from evidence. LSA-C.C.P. art. 966.
As to the appropriateness of the summary judgment procedure, an examination of the record reveals that the motion was properly granted.
When a motion for summary judgment is filed and supported by affidavits, the adverse party can not rely on the mere allegations or denials of his pleadings but he must present proof, by affidavits, setting forth facts showing that a genuine issue of fact exists for trial. Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir. 1975).
The absence of opposing affidavits does not insure that the motion will be granted if the requirements of LSA-C.C.P. art. 966 are not satisfied. Louisiana Materials Co., Inc. v. Turcich, 256 So.2d 719 (La.App. 4th Cir. 1972). However if the summary judgment is appropriate, it shall be rendered. LSA-C.C.P. art. 967.
We must determine whether summary judgment was appropriate, since the defendants need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Continental Casualty Co. v. McClure, supra.
The summary judgment procedure is designed to avoid the delays and expenses of a trial on the merits when no genuine issue exists as to material fact and the moving party is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden is on the mover to show that there is no dispute regarding facts material to the suit. And since the motion for summary judgment is not a substitute for a trial on the merits, any doubt regarding the existence of genuine issues of material fact should be resolved in favor of trial on the merits. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir. 1966).
We find, as did the trial court, that the uncontroverted evidence in the record establishes that the plaintiffs paid property taxes for the years 1969 through 1972, amounting to $2,673.60, on property owned by the defendants because of an error in tax assessment. The evidence further establishes *748 that the tax should have been charged to the defendants, but that they were not assessed and did not pay the taxes.
The trial court concluded that this evidence negated the existence of a genuine issue of fact. When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
We find no merit in any of the defendants' specifications of error.
Accordingly, the trial court properly granted plaintiffs' motion for summary judgment.
For the reasons assigned the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] We note that plaintiffs had a legal right to seek reimbursement from the taxing authority for the taxes paid pursuant to the erroneous assessment. This right had prescribed prior to the institution of the present suit. Accordingly plaintiffs only means of recovering the erroneous tax payments was through an action for unjust enrichment against these defendants.
[2] The unreported case of Manion v. Manion & Co., App.1917, Orleans No. 7130, is cited in Tessier's Digest, Court of Appeal Orleans, October 15, 1917 to July 31, 1922, for the proposition that a person who believing it is his own debt, pays the debt of another, has an action against the latter for restitution.