MARVIN, Judge.
The drawee bank appeals a summary judgment rendered in 1980 in this suit on a check written in 1973. We affirm the trial court’s determination that there was no genuine issue of the material fact that the bank, as drawee and contrary to LRS 7:136, 137, failed to return the dishonored check in 24 hours.[1]
Evidence in support of the motion for summary judgment establishes that the check was deposited in plaintiff’s bank in Omaha, Nebraska, on February 2, 1973, and, in the course of routine bank clearing procedures, was forwarded to the defendant drawee bank on February 8, 1973, as a regular “cash” item. The check was eventually returned unpaid by the defendant bank to the forwarding bank on March 6, 1973. This suit was filed eight months later.
*933 The bank contends that there is a genuine issue of the material fact when the defendant bank actually received and returned the check. The bank further contends that the trial court erred in disregarding the affidavit of its president which was filed the day of the hearing on the motion for summary judgment. The affidavit was not timely filed and need not have been considered. C.C.P. 966. Bonnette v. Century Ready-Mix Corp., 369 So.2d 1201 (La.App.2d Cir. 1979). The earlier deposition of the bank president denies any specific knowledge about this particular check and there is no evidence to controvert the fact that the check was forwarded as a “cash” item.
The evidence of the exact date and time that the bank actually received and returned the check rests with the defendant bank. Plaintiff established when the check was forwarded and when it was returned, February 8-March 6, 1973. Defendant bank asserts that it has no records from which the time involved and the nature of the item, cash or collection, can be determined.
If evidence exists to controvert plaintiff’s evidence, that evidence is in the hands of the defendant bank. The evidence supports the conclusion that there is no genuine issue of the material fact that the defendant bank held the check for more than 24 hours. For reasons assigned below and summarized here, and at appellant’s cost, judgment is
AFFIRMED.
HALL, J., dissents without assigning written reasons.

. LRS 7:136
“The drawee is allowed twenty-four hours after presentment in which to decide whether or not he will accept the bill; but the acceptance if given dates as of the date of presentation.”
LRS 7:137
“Where a drawee to whom a bill is delivered for acceptance destroys the same, or refuses within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill accepted or non-accepted to the holder, he will be deemed to have accepted the same.”
These sections were later repealed. See Act 92 of 1974.