SCHOTT, Judge.
Plaintiff, West Cash and Carry Building Materials of New Orleans, Inc., has appealed from a judgment dismissing its claim against defendant, J. W. Bohrer, on a motion for summary judgment. The issue is whether the pleadings and affidavits show no genuine issue as to material fact so as to entitle defendant to a summary judgment under LSA C.C.P. Art. 966.
Plaintiff made the following allegations in its original petition: Defendant owes plaintiff $11,877.26 for materials it furnished defendant in March and April, 1979, and May of 1980. These materials were furnished for and used in the construction of improvements at the property at 6730-32 Bellaire Drive in New Orleans, which property was purchased by defendant from Sanctuary Investment Corporation on April 16,1980. There was no recorded contract in connection with the construction. On May 12, 1980, plaintiff recorded an affidavit of its claim in the mortgage office pursuant to LSA-R.S. 9:4812. Plaintiff asserted a privilege on the property and personal liability on the part of the defendant.
On October 2, 1980, defendant responded with a motion for summary judgment which the court scheduled for a hearing on October 24. Defendant attached to his motion an affidavit which contained the following statements: At the time of the alleged sale and delivery of the merchandise to the property at 6730-32 Bellaire Drive it was not owned by him but by Sanctuary Investment Corporation. On May 2, 1979, Sanctuary had borrowed money from First Homestead Association for the purpose of paying for all repairs and remodeling work it had done on the property, and in connection with the sale and resale with the Homestead a mortgage certificate was ordered in Sanctuary’s name. This certificate, redated subsequent to the recordation of the sale and resale, reflected no claims against the property. At no time subsequent to the sale and resale did Sanctuary employ or hire anyone to do further work on the premises. On April 15,1980, Sanctuary sold the property to defendant and the mortgage certificates issued in connection with that sale showed no evidence of the recordation of any claims or liens against Sanctuary. Defendant, as owner of the property, never authorized anyone to do any repairs on the property. B&B Services was never authorized to act as his agent, contractor, or sub-contractor, and Burl Mahl was not the authorized agent of defendant and was not undertaking any work for his account on May 5, 1980.
On October 23, the day before the motion for summary judgment was scheduled to be heard, plaintiff filed a memorandum in opposition to defendant’s motion for summary judgment and attached a photographic copy of an affidavit by Burl Mahl, dated May 7, 1980. However, the original of this affidavit was not filed until October 24 at 9:41 AM, giving rise to a threshold issue raised by defendant. C.C.P. Art. 966 *388 permits the adverse party to serve opposing affidavits prior to the day of the hearing. Defendant contends that only the original affidavit is admissible and since it came too late it may not be considered in connection with the motion, as in Mainliner Motor Express, Inc. v. Winn State Bank & Trust Co., 390 So.2d 932 (La.App. 2nd Cir. 1980), Acme Refrig, of Baton Rouge v. Cal Joan, Inc., 346 So.2d 743 (La.App. 1st Cir. 1977). However, these cases are not applicable here, in view of plaintiff’s having filed a photographic copy of the original affidavit with its memorandum on the day before the hearing. A reading of that memorandum suggests that it was plaintiff’s intention to attach the original affidavit to the document. Under the circumstances it would appear that a refusal on our part to consider the affidavit simply because the original was not filed until the morning of the hearing would overemphasize form at the expense of substance and would be inconsistent with the goal of providing justice to both parties in the lawsuit.
The affidavit of Burl Mahl contains the following assertions: He was an employee of B&B Construction Company, the general contractor of the house constructed at 6730-32 Bellaire Drive. The construction has not yet been completed with work remaining to be done on the kitchen floor in one apartment, air conditioning, electric work, plumbing repairs and roof repairs. No acceptance of the job has been filed by the record owner of the property. He picked up materials from plaintiff’s office and delivered and installed them in the property at 6730-32 Bellaire Drive. The materials cost $11,877.26 as of the date of his affidavit. He has been instructed by defendant to finish construction on the property by completing the work he previously listed.
Plaintiff’s suit is based on R.S. 9:4812 with respect to an unrecorded contract. That statute provides that in the absence of an affidavit of completion by the owner, a furnisher of materials has 60 days from the date of the last delivery of all material upon the property to file an affidavit and preserve a privilege on the property. The statute also provides that the supplier of materials has a personal cause of action against the owner under these circumstances for one year from the date of the recordation of his claim. A fair reading of Mahl’s affidavit sets up genuine issues of material fact in contradiction of defendant’s affidavit such as to preclude defendant’s entitlement to summary judgment relief. Some of the factual issues which are not precluded by the affidavits and may have a bearing on the ultimate outcome of the case are whether Mahl was acting as the agent of defendant and/or Sanctuary in ordering material from plaintiff, the relationship between Sanctuary and defendant (documents attached to defendant’s affidavit show that he was the President and Secretary of Sanctuary) which might support the application of the principles discussed in Capital Bank & T. Co. v. Broussard Paint & Wall Co., 198 So.2d 204 (La.App. 1st Cir. 1967) and whether the work begun by Sanctuary was still in progress in May, 1980, and was never abandoned by Sanctuary and/or defendant. See First Wis. Nat. Bank of Milwaukee v. Novem, 349 So.2d 370 (La.App. 4th Cir. 1977).
In our recitation of facts in this case we have purposely limited the discussion to those facts which are pertinent to the issue before us, namely, the propriety or correctness of the summary judgment. We note that defendant has raised issues which upon trial will have to be explained by plaintiff, such as its failure to provide a signed affidavit from the manager of plaintiff and the fact that in May, 1979, this manager recorded a claim for $11,804.89 for materials furnished to property at 6721-23 Bellaire Drive. This is the exact difference between the a,mount of plaintiff’s claim against defendant and the “last ticket written” by plaintiff on May 5, 1980, for $72.37 for materials sold to B&B Services at 6730-32 Bellaire Drive. We also note the coincidence contained in defendant’s affidavit that Burl Mahl was a tenant of defendant residing at 6730 Bellaire Drive and he was evicted from those premises on May 7,1980, for failing to pay three months’ rent. This *389 was two days before plaintiff’s affidavit was filed against defendant. Nonetheless, the cases are legion to the effect that the summary judgment procedure is not a proper substitute for trial and is to be used sparingly, and all doubt is resolved in favor of the party opposing the summary judgment.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of plaintiff, West Cash and Carry Building Materials of New Orleans, Inc., and against defendant, J. W. Bohrer, denying his motion for summary judgment. The case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.