531 So.2d 528 (1988)
Norman WESTON
v.
The RAYMOND CORPORATION & McCabe Materials Handling Corp.
No. 88-CA-196.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 1988.
Writ Denied November 28, 1988.
*529 Arnd N. Von Waldow, Robert E. Barkley, Jr., New Orleans, for defendants/appellees.
Robert R. Faucheux, Jr., LaPlace, for plaintiff/appellant.
Before KLIEBERT and WICKER, JJ., and RONALD P. LOUMIET, J. Pro Tem.
WICKER, Judge.
Plaintiff/appellant, Norman L. Weston (Weston), appeals from a judgment of the trial court granting summary judgment in favor of defendants/appellees, The Raymond Corporation (Raymond) and McCabe Materials Handling, Inc. (McCabe). We reverse and remand.
At the outset we note appellees argue in brief that appellant has failed to appeal the granting of the summary judgment rendered on August 20, 1986, while only appealing the trial court's denial of appellant's motion for a new trial which was rendered November 13, 1987. Appellees are correct in that appellant's petition for appeal states in pertinent part:
Plaintiff desires to appeal from the judgment rendered in the above cause on the 13th of November, 1987.
Therefore, the motion for appeal suggests that appellant is only appealing from the trial court's denial of his motion for a new trial.
The denial of a motion for new trial is "not a final judgment from which an appeal may be taken." Johnson v. Johnson, 432 So.2d 1140, 1141 (La.App. 3rd Cir. 1983). Such a denial is appealable "only upon a showing of irreparable harm." Jones v. Zumo, 479 So.2d 655, 656 (La.App. 1st Cir.1985). Nevertheless, as appellant's brief exhibits his intent to appeal from the granting of the motion for summary judgment, this court may consider the appeal from the judgment on the merits. See Smith v. Hartford Accident and Indemnity Co., 254 La. 341, 223 So.2d 826, 829 (La.1969) which in quoting Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312, 315 (La.1968) held "[a]ppeals are favored in the law, must be maintained wherever possible, and will not be dismissed for technicalities."
Since appellant's brief exhibits his intent to appeal from the denial of the motion for summary judgment, this court views the petition for appeal as an inadvertent error when it referred to the denial of the motion for new trial. We consider the appeal.
Weston alleges he was injured on May 22, 1984 while operating a forklift owned by his employer, Godchaux-Henderson Sugar Company (Godchaux). The forklift was manufactured by Raymond and maintained for a time by McCabe. He asserts that he was injured when the forklift malfunctioned, causing his leg to be jammed between the forklift and a concrete wall.
Weston specifically alleges the following acts of negligence on the part of Raymond and McCabe:
1) Failing to design the forklift in a manner which would permit safe operation of the equipment;
2) Selling the Pacer Forklift Model 60-040TT bearing serial number XXX-XX-XXXX when they knew or should have known that the forklift was defective and not fit for the purpose for which said would be used;
3) Improperly designing, manufacturing and selling the Pacer Forklift Model 60-040TT bearing serial number XXX-XX-XXXX when they knew or should have known that the defective forklift could cause the operator of the said equipment *530 to be injured or to cause injury to another individual and/or property;
4) Failing to perform proper maintenance upon the equipment as contracted for by petitioner's employer, and
5) Any and all other acts of negligence that will be shown at the time of the trial herein[.]
In answer to the petition Raymond admitted that it manufactured the said forklift. Both Raymond and McCabe denied any negligence or defect and asserted defenses.
Raymond and McCabe filed a joint motion for summary judgment. In support of their motion, they filed a memorandum and the following exhibits:
1. Plaintiff's Petition for Personal Injuries and Damages;
2. Pertinent portions of Norman L. Weston's deposition;
3. Defendant's Second Set of Interrogatories to plaintiff and plaintiff's answers thereto;
4. Affidavit of Mr. Everett Brauner;
5. Affidavit of Mr. Norm Bauer.
Weston filed no opposition to the motion for summary judgment. In addition, he filed no countervailing affidavits or other evidence, nor was he present at the hearing on the motion. On the same date that the trial court rendered judgment granting appellees' motion for summary judgment appellant filed a motion for a new trial on the basis that he was not heard prior to judgment on the motion. The motion for new trial was denied on November 13, 1987. Appellant now appeals and specifies the following error:
The trial court erred in granting defendant's motion for summary judgment.
In brief appellant urges that the trial court erred in granting the motion for summary judgment filed on behalf of Raymond, McCabe and McCarthy Sales Company (McCarthy). Although McCarthy was later added as a defendant by amendment, McCarthy has never filed a motion for summary judgment. In addition, the judgment rendered only dismisses plaintiff's petition against Raymond and McCabe.
Plaintiff's allegations, answers to interrogatories and exerpts from deposition testimony state facts asserting that Weston was injured while trying to stop a forklift truck lacking a rear guard. Due to the absence of the guard, plaintiff contends that his leg was allowed to be jammed between the forklift and the concrete wall. Plaintiff attributes the cause of the accident to the forklift's failure to respond to braking procedures caused by McCabe's failure to properly maintain the vehicle's drive mechanism, brakes and gears and design defects in the gears, brakes drive mechanism, transmission or related parts, and absence of a rear guard attributed to Raymond, the manufacturer.
AFFIDAVITS:
In response to plaintiff's allegations of negligence for failure to maintain the forklift, the affidavit of Everett Brauner (Brauner) was filed in support of McCabe's motion. Brauner stated that he has been McCabe's service manager since 1973. As service manager his duties are to supervise and assist in the maintenance, service and repair of forklifts, including those manufactured by Raymond. He is certified by Raymond in the repair of its forklifts.
Brauner admits that repairs were performed on the forklift in question but that "McCabe performed no scheduled maintenance, repairs or adjustments on this machine's brakes, directional control switch or lever, gears, hydraulics or transmission after the warranty period elapsed." Although Brauner states that the warranty period between Godchaux and Raymond expired on September 7, 1983 (prior to Weston's injury), he does not establish through the affidavit that he had personal knowledge of the warranty period between Raymond and Godchaux. In addition, his affidavit only addresses "scheduled" maintenance and does not indicate whether any repair of the vehicle was done outside of "scheduled" maintenance. Thus, a material issue of fact remains regarding McCabe's alleged repair and maintenance of the vehicle prior to the plaintiff's accident.
*531 In addition, Brauner's affidavit also states his belief and opinion as an expert in "the Pacer model forklift's design, assembly, operation, function and maintenance and service requirements." After inspecting and examining the forklift in question on August 6, 1985 he formed the conclusion that there was "no evidence of improper workmanship, repairs or maintenance performed by McCabe [as well as] no evidence that this forklift was improperly or defectively manufactured for its intended purpose."
Similarly, Norm Bauer's affidavit presents his opinion based upon "knowledge about the development, engineering, design, manufacture, maintenance, repair, operation and servicing of the various kinds of forklifts manufactured by The Raymond Corporation, including the Pacer model." After examining the forklift on January 29, 1987 he formed the conclusion that there was "no evidence that this forklift or any of its components were improperly or defectively designed and/or manufactured [and that] the forklift was correctly designed and manufactured."
La.C.Civ.P. art. 967 requires that affidavits be based upon personal knowledge. We approve the holding in McCoy v. Physicians & Surgeons Hosp., 452 So.2d 308 (La.App. 2nd Cir.1984), writ denied 457 So.2d 1194 (La.1984) wherein the court stated that:
Statements in affidavits or depositions of the opinion or belief of an expert based on his special training and experience do not meet the requirement of personal knowledge. A statement of opinion is not sufficiently certain or probative to justify a conclusion that there is no issue of fact which should be determined by a trial on the merits. Expert opinion statements or testimony requires evaluation by the trier of fact as to probative value. A motion for summary judgment is not the proper vehicle for the trier of fact to evaluate evidence and determine the facts which are disputed. See Nelson v. Marrus, 343 So.2d 740 (La.App. 2d Cir. 1977); McWhiney v. Travelers Ins. Co., 343 So.2d 736 (La.App. 2d Cir.1976); Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3d Cir. 1971); Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La. App. 3d Cir.1974).
McCoy, supra at 310.
Generally, "[w]hen a motion for summary judgment is filed and supported by affidavits, the adverse party cannot rely on the mere allegations or denials of his pleadings but he must present proof, by affidavits, setting forth facts showing that a genuine issue of fact exists for trial. Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975)." Acme Refrig. of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743, 747 (La.App. 1st Cir.1977).
However, "[t]he absence of opposing affidavits does not insure that the motion will be granted if the requirements of LSA-C. C.P. art. 966 are not satisfied. Louisiana Materials Co., Inc. v. Turcich, 256 So.2d 719 (La.App. 4th Cir.1972)." Acme, supra at 747.
Thus, this court must decide whether the summary judgment was appropriate since Weston need not file countervailing affidavits or evidence unless Raymond and McCabe have met their burden in establishing that there is no genuine issue of material fact. Furthermore, "since the motion for summary judgment is not a substitute for a trial on the merits, any doubt regarding the existence of genuine issues of material fact should be resolved in favor of trial on the merits. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3rd Cir.1966)." Acme, supra at 747.
Although the affidavits cast doubt that Weston can meet his burden of proof of negligent repair and/or maintenance and design defects causing his injuries, we find that summary judgment is inappropriate.
Accordingly, for the reasons stated, we reverse the granting of the motion for summary judgment in favor of McCabe and Raymond and remand for further proceedings.
REVERSED AND REMANDED.