DOMENGEAUX, Judge.
Ferguste Primeaux and Donald Pri-meaux, as the heirs of Felician Primeaux, (Heirs) and as plaintiffs, and the Erath Sugar Company, Ltd. (Erath Sugar) as the defendant, appear before this Court for the second time in a controversy involving approximately four and one-half arpents of immovable property in Vermilion Parish, Louisiana. The Heirs, in the original action filed in 1983, sought a Declaratory Judgment acknowledging their ownership of the property in issue. They premised their right to ownership on the interpretation of a 1909 instrument executed by Felician Pri-meaux, as the owner of the property, and Erath Sugar, a Louisiana corporation intent upon constructing a sugar-refinery.
The instrument, which “grant[ed] and convey[ed]” the property for the stated consideration of One Dollar, included the following clause:
and it is further understood and agreed that in case said Refinery shall cease to operate for a period of ten successive years then and in that case said land shall revert to the said appearer, his heirs and assigns in full ownership free from any encumbrances whatever.
The Heirs maintained that since Erath Sugar had ceased refining sugar at the plant in early 1970 they were entitled to the return of the property. Erath Sugar excepted to the plaintiffs’ position contending that the instrument was a contract of sale with a right of redemption. The defendant further argued that since the plaintiffs had not brought suit until 1983 it was entitled to judgment in accordance with La.Civ. Code art. 3497 (1983), five year liberative prescription, and/or La.Civ.Code art. 3499 (1983), ten year liberative prescription.
The Trial Court upheld Erath Sugar’s exceptions of five and ten years liberative prescription resulting in the initial appeal by the Heirs. This Court on appeal re *64 versed the lower court judgment and overruled the defendant’s exceptions of prescription. Heirs of Primeaux v. Erath Sugar Company, Ltd., 484 So.2d 717 (La.App. 3rd Cir.1986). We were of the opinion that the instrument had established a conventional predial servitude containing a re-solutory condition with an express rever-sionary clause. We concluded, based on the language of the instrument, that the Heirs’ right of reversion did not mature until the passing of ten years from the date of the last refining operation and that they had timely filed their suit in 1983. The case was then remanded to the District Court for further proceedings consistent with the views we expressed.
The Trial Court on remand was called upon to resolve two primary issues. In the first issue, the Court was confronted with Erath Sugar’s contention that it was entitled to ownership of the property or, at least, ownership of a servitude on the property, based on ten year and thirty year acquisitive prescription. La.Civ.Code arts. 3473 and 3486 (1982); La.Civ.Code art. 742 (1977). In the second issue, the Court addressed Erath Sugar’s reconventional demand, filed in the alternative, suggesting entitlement to the return of all city and state property taxes paid on the property.
The Trial Court on the occasion of rendering its second judgment in this case decreed the Heirs to be the owners of the property, denying Erath Sugar’s exceptions of ten and thirty years acquisitive prescription, but rendered judgment in favor of Erath Sugar in the amount of $1,535.49 on its reconventional demand. The Heirs, subsequent to Erath Sugar’s reconventional demand for the property taxes, had filed an exception of ten years liberative prescriptive, but the Trial Judge denied the exception. La.Civ.Code art. 3499 (1983).
Erath Sugar sought this review and assigned two errors. The appellant maintains:
(1) The Trial Court was manifestly erroneous in denying its peremptory exceptions of ten year and thirty year acquisitive prescription alleging ownership of the property; and
(2) The Trial Court was manifestly erroneous in denying its peremptory exceptions of ten year and thirty year acquisitive prescription alleging ownership of a servitude on the property.
The Heirs answered the appellant’s appeal and contend that the Trial Court erred in one respect. They contend that the Trial Court was manifestly erroneous in failing to sustain their exception of ten years liber-ative prescription to the defendant’s demand for reimbursement of property taxes.
Subsequent to our review of the record and the previous decision rendered in this case, we do not believe the Trial Court was manifestly erroneous in denying Erath Sugar’s exceptions of ten and thirty year acquisitive prescription as to both full ownership and the ownership of servitudal rights. The record reflects that Erath Sugar was only a precarious possessor prior to filing suit in 1983 and that the Heirs had not lost their right to seek the return of the property because their rights did not mature until early 1980, ten years after plant operations had ceased. La.Civ.Code art. 3477 (1982); See also, La.Civ.Code art. 740 (1977) and Revision Comments—1977; Kizer v. Lilly, 471 So.2d 716 (La.1985).
We do, however, believe that the Trial Court was manifestly erroneous in failing to sustain the Heirs’ exception of ten years liberative prescription to Erath Sugar’s reconventional demand for reimbursement of property taxes. Erath Sugar was awarded the entire amount of taxes paid from 1915 to 1986, $1,535.49, based on the legal doctrine of unjust enrichment. The prescriptive period for an actio de in rem verso is, however, ten years. La.Civ. Code art. 3499 (1983); formerly La.Civ. Code art. 3544 (1870); See also, Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977). Erath Sugar is, therefore, only entitled to the return of the taxes it paid for the ten years immediately preceeding the filing of its reconventional demand and for the taxes it has paid subsequent to that *65 filing.[1] We do not find merit in the Heirs’ argument that Erath Sugar’s reimbursement should be set-off against alleged benefits derived from the opportunity to use the property subsequent to the passage of ten years from the cessation of plant operations.
For the above and foregoing reasons, the judgment of the District Court is amended to reduce the recovery of Erath Sugar to the taxes it paid for the ten years immediately preceeding the filing of its reconven-tional demand and for all the taxes it may have subsequently paid. The judgment of the District Court in all other respects is affirmed.
All costs of this appeal are assessed against Erath Sugar.
AFFIRMED AS AMENDED.

. The record did not enable us to arrive at an exact figure. It is for that reason we provided the above guidelines.