619 So.2d 111 (1993)
Beverly Denise JONES
v.
ALLSTATE INSURANCE COMPANY
No. 92 CA 1068.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*112 Steven R. Giglio, Baton Rouge, for Beverly Denise Jones.
John W. Perry, Jr., Baton Rouge, for Allstate Ins. Co.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
Plaintiff, Beverly Denise Jones, appeals devolutively from a judgment of the district court which summarily dismissed her suit against defendant, Allstate Insurance Company. The sole issue presented for our consideration is whether the trial court erred in granting the defendant's motion for summary judgment. We affirm the judgment of the district court.
The facts in this case were stipulated by the parties and provide in pertinent part:
Plaintiff herein, Beverly Denise Jones, is the daughter of Charles C. Davis. Beverly Denise Jones alleges in her captioned petition that she was a member of the household of her father Charles C. Davis so as to qualify as an insured pursuant to the terms of a policy issued to the insured Charles C. Davis by the defendant Allstate Insurance Company.
Beverly Denise Jones suffered injuries in an automobile accident while she was operating a 1981 Oldsmobile Cutlass owned by her. The above-described automobile accident was caused by the negligence and legal fault of Velma Roberson. Velma Roberson was driving a vehicle insured by Automotive Casualty Insurance Company and said policy carried liability limits of $10,000.00 per person. Beverly Denise Jones has settled her claim against Velma Roberson and her insurer Automotive Casualty Insurance Company and released Velma Roberson and Automotive Casualty Insurance Company, reserving Beverly Denise Jones' rights in the premises against Allstate Insurance Company.
The vehicle owned and driven by Beverly Denise Jones was insured via a policy of automobile insurance issued by Automotive Casualty Insurance company, policy number 1A299235, which coverage was in force and effect at the time of said accident. At the time said accident occurred, Automotive Casualty Insurance Company had in its file a signed rejection for uninsured/underinsured motorist coverage for the 1981 Oldsmobile (although this stipulation is not to be deemed an agreement or commitment on the part of Allstate Insurance Co. that the signed rejection in connection with the coverage afforded to Beverly Denise Jones is legally valid).
Relying on the language in La.R.S., Title 22 Section 1406(D)(1)(e) the defendant moved for summary judgment. The statute reads, as follows:
Sec. 1406. Specific duties of casualty and surety division; uninsured motorist coverage; temporary substitute vehicles and rental vehicles.

*113 D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
(1)(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles. (Emphasis added)
In opposition to the motion, plaintiff filed an affidavit of an English Professor, associated with a local university, wherein he interpreted the statute according to grammatical construction.
The trial judge granted the motion filed by the defendant and gave these reasons for his decision:
By the court:
Well, this is hard to say, but I have to agree with Mr. Perry. R.S. 22:1406(D)(1)(e) does address this very problem. It is intended so that someone can't have UM on one car, waive the UM on the other car, and still recover UM on a nonowned vehicle even though the person is an omnibus insured because they are a resident of the same household. The specific statutory language is to cover this situation where you have a person who would be an omnibus insured, because they are a resident of the household, but they own a separate car for which UM was available, although she waived it. Then they should not be able to get coverage on a nonowned vehicle since the vehicle that they were driving was not described in the policy. It's pretty clear to me. So I would have to grant the motion for summary judgment by defendant.
On appeal the plaintiff urges this court to reverse the summary judgment granted by the district court because, according to her interpretation of La.R.S. 22:1406(D)(1)(e), that statute does not preclude her action as an omnibus insured against her father's UM carrier. According to Ms. Jones this provision of the statute in question makes a distinction between one who is "an insured" versus "the insured." She reasons that she was, at the time of the accident, a member of the household of her father, "the insured". At the time of the accident she was not driving a vehicle owned by "the insured", her father, because she owned the vehicle. Therefore, she is not precluded from recovering as an omnibus insured under the uninsured motorist coverage of her father, "the insured".
For reasons to be herein discussed, we reject both the plaintiff's interpretation of this statute and Professor Nardin's affidavit.
We are guided in our review of this matter by the Louisiana Supreme Court's discussion of summary judgment in Schroeder v. Board of Supervisors, 591 So.2d 342 at 345 (La., 1991):
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.... A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 ... Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion.... (Citations deleted)
Affidavits in support of or in opposition to a motion for summary judgment must meet the criteria of Louisiana Code of Civil Procedure Article 967. That is, such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that affiant is competent *114 to testify to the matters stated therein." (Emphasis added) La.C.C.P. Art. 967. Statements of an expert as to his professional opinion or belief, based upon his special training and experience does not meet the requirement of "personal knowledge", and for that reason do not qualify as a proper foundation in support of or in opposition to a motion for summary judgment. King v. Schuylkill Metals Corp., 581 So.2d 300 (La.App., 1st Cir., 1991) writ denied 584 So.2d 1163; Weston v. Raymond Corp., 531 So.2d 528 (La.App., 5th Cir., 1988), writ denied, 533 So.2d 360 (La., 1988).
In this case the affidavit of Professor Nardin is an expression of professional opinion and is thus, insufficient to meet the criteria of "personal knowledge" as set forth in Civil Procedure Article 967. For this reason this opposition will not be considered.
We turn therefore to a consideration of the statute. An understanding of its interpretation is facilitated by a consideration of its history.
In 1988 the Louisiana Supreme Court held in Wyatt v. Robin that a person who is insured under more than one policy and who is injured while occupying an owned vehicle may select, from among those policies, the one under which he would prefer to recover. 518 So.2d 494 (La., 1988).
As noted by Judge Foil in a footnote to Fay v. Willis, 577 So.2d 1147, at 1150, ft. 1 (La.App., 1st Cir., 1991), the purpose of Louisiana Revised Statute 22:1406(D)(1)(e) "was to cripple the selective right recognized in Wyatt" and "limit a person who is injured while occupying an owned automobile to the UM coverage, if any, on that automobile." Fay v. Willis, supra; citing, W. McKenzie and H. Johnson III, Insurance Law and Practice, 15 Louisiana Civil Law Treatise 31 (1989).
In a similar holding in Haltom v. State Farm Mutual Automobile Insurance Co., 588 So.2d 792 at 795 (La.App., 2nd Cir., 1991), the Second Circuit Court of Appeal discusses the rationale for this provision:
However, the amendment to the UM statute was clearly designed to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy.
The intent of the statute cannot be circumvented by allowing different members of the same household to actually own the different vehicles and waive the coverage on all but one. Regardless which member of the household owns the vehicle involved in the accident, if coverage is waived on that vehicle there can be no recovery on the coverage of other vehicles owned by other members of the same household that do not list the vehicle involved in the accident in their policy.
In this case the trial judge properly rejected the plaintiff's interpretation of this statute and found that mover was entitled to judgment as a matter of law since La. R.S. 22:1406(D)(1)(e) prohibited plaintiff's action against this insurer.[1]
For these reasons the summary judgment granted by the district court in favor of the defendant Allstate Insurance Company is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] The present case epitomizes the exact situation this statute was enacted to prevent, namely where one rejects UM coverage on their own vehicle and seeks to recover the benefit of such coverage as an omnibus insured under another policy.