629 So.2d 495 (1993)
Monica FONTENOT, Plaintiff-Appellee,
v.
FARM BUREAU INSURANCE COMPANIES, Defendants-Appellants.
No. 93-222.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*496 Chuck David Granger, for Monica Fontenot.
Jimmy L. Dauzat, for Farm Bureau Ins. Companies.
Before STOKER, DOUCET, YELVERTON, COOKS and SAUNDERS, JJ.
DOUCET, Judge.
This appeal concerns uninsured motorist (UM) coverage.
On October 14, 1989, plaintiff, Monica Fontenot, was injured in an automobile accident in Ville Platte, Louisiana, while riding as a guest passenger in a 1982 Chevrolet Pickup truck. Her husband, Nicholas Fontenot, was the driver of the truck and solely at fault in causing the accident. The Chevy truck was a community asset. Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) insured the truck providing both liability and UM limits of $50,000/$100,000. Farm Bureau also insured Monica Fontenot's separately owned Ford Thunderbird providing identical coverage. The Farm Bureau policy covering the Chevy truck paid the liability limits. However, the sum Monica received was insufficient to fully compensate her for the injuries she sustained. Monica then sued Farm Bureau to recover UM benefits. Cross motions for summary judgment were filed. Plaintiff correctly observed in her brief in support of the motion that the UM coverage contained in the Chevy truck policy was inaccessible due to valid provisions in the policy which prohibit recovery under both liability and UM coverage on the same vehicle. Nall v. State Farm, 406 So.2d 216 (La. 1981); Breaux v. Government Employees Insurance Company, 369 So.2d 1335 (La.1979). However, she claimed she was entitled to collect under the second UM policy covering her Ford Thunderbird. Defendant claimed that the UM statute precludes recovery of UM benefits under this second policy. The parties prepared joint written stipulations of undisputed facts as follows: 1) the driver of the vehicle, Nicholas Fontenot, was solely at fault; 2) Monica Fontenot sustained multiple injuries as a result of the accident; 3) Monica Fontenot's damages, including general and special damages, exceed the $50,000 of UM coverage under the Farm Bureau policy. The case was submitted for hearing on the competing motions for summary judgment. By agreement of all parties, the hearing was simultaneously held on the merits based upon the joint stipulation of facts. On February 1, 1993, the trial court granted the plaintiff's motion for summary judgment, denied defendant's motion and entered judgment in favor of Monica holding that Farm Bureau was liable for the UM coverage.
Defendant appeals claiming the trial court erred in holding that R.S. 22:1406(D)(1)(e) is inapplicable to this case. We agree.
The second UM policy covering the Ford Thunderbird which was not involved in the accident, provided that the UM coverage did not apply if, at the time of the accident, the insured was occupying a vehicle owned by him and not named in the policy. Limitations on UM coverage are only valid where they are statutorily authorized. The issue presented for our review is whether the limitation provided in R.S. 22:1406(D)(1)(e) is applicable in the instant case to limit the plaintiff's right of recovery against her UM insurer.

UM COVERAGE
R.S. 22:1406 provides, in pertinent part:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
(1)(e) The uninsured motorist coverage does not apply to bodily injury, sickness, or disease, including death of an insured resulting therefrom, while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles.
*497 In its written reasons for judgment, the trial court reasoned R.S. 22:1406(D)(1)(e) was inapplicable because when read in pari materia with the entire UM statute, the objective is to "... promote full recovery for damages by auto accident victims by making UM coverage available for their benefit as primary protection when the tort feasor is without insurance and as additional or excess coverage when the tort feasor is inadequately insured." He further reasoned that R.S. 22:1406(D)(1)(e) is intended as an anti-stacking prohibition feature only and the instant case is not one with a stacking issue.
This "ownership exclusion" provision in the UM statute, its application, and the considerations noted by the trial court have previously been addressed by the courts of this State and the validity of this provision has been upheld.
In Gaudet v. Southern Farm Bureau Cas. Ins., 600 So.2d 892 (La.App. 1 Cir.), writ denied, 604 So.2d 1308 (La.1992), like the case at hand, the plaintiff was injured while riding as a guest passenger in his own truck. The plaintiff claimed he was entitled to UM benefits on policies which listed vehicles other than the truck involved in the accident because the liability limits of the truck were insufficient to cover the damages he suffered. The reviewing court affirmed the trial court judgment holding that the insurance company had no liability for UM coverage under the policy provisions and applicable statutes. The Second and Fourth Circuits also upheld the UM statute's ownership exclusion. Although the facts differ somewhat from the instant case in that the plaintiffs were able to collect on the UM policies covering the vehicles involved in the accident, they are identical in theory. See, Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792 (La.App. 2 Cir.1991), and Maloney v. State Farm Ins. Co., 583 So.2d 12 (La.App. 4 Cir.), writ denied, 586 So.2d 544 (La.) and 589 So.2d 1058 (La.1991).
In the instant case, plaintiff argues that the UM statute was amended to include R.S. 22:1406(D)(1)(e) when the Legislature recognized it had unsuccessfully limited the classes of persons who could avail themselves of more than one UM policy after the Louisiana Supreme Court decision in Wyatt v. Robin, 518 So.2d 494 (La.1988). In Wyatt, supra, the Supreme Court held that a person who is injured while occupying an owned vehicle and who is insured under more than one policy may choose, from all the policies, the one under which he prefers to recover. We agree with the reviewing court in Haltom, supra, wherein it reasoned as follows when presented with this issue.
In light of the clear language of LSA-R.S. 22:1406 D(1)(e), we conclude that the district court was correct in dismissing plaintiffs' claim against State Farm.
The McDonalds argue that a strict application of the statute to the instant circumstances would result in an inequitable treatment of a vehicle owner who is injured while riding as a guest passenger in her own car.
* * * * * *
Admittedly, the McDonalds' situation is not ideal. However, the amendment to the UM statute was clearly designed to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy. Whereas the legislature probably intended only to preclude an insured from collecting more than the limits of the UM policy covering the vehicle in which he was riding, which in this case was equal to the coverage on the other vehicle, such is the result under the instant circumstances and pertinent statutes.
Haltom, supra, at 794-795.
Plaintiff next contends that based upon the holding in Howell v. Balboa Ins. Co., 564 So.2d 298 (La.1990), she should not be barred from recovery where she was injured by an underinsured motorist, namely her husband, and where she had paid full premiums for $50,000 of UM protection.
The holding in Howell, supra, rendered after the 1988 addition of subsection (e), provided that "UM coverage attaches to the person of the insured, not the vehicle, *498 and that any provision of UM coverage purporting to limit insured status to instances involving a relationship to an insured vehicle contravenes R.S. 22:1406(D)." The intermediate court in Galliano v. State Farm, 606 So.2d 580, 582 (La.App. 5 Cir.1992) addressed this argument as follows:
La.R.S. 22:1406(D)(1)(e), added by a 1988 amendment, became effective September 9, 1988 and is applicable to the accident here, which occurred on October 5, 1989. The statute is clear and provides that UM coverage does not apply to injuries of "an insured while occupying a motor vehicle owned by the insured if such motor vehicle is not described in the policy under which a claim is made ..." This clearly covers the case before us, where Joseph W. Galliano, Jr. was injured while driving an automobile which he owned and which was not listed in the State Farm policy.
Plaintiffs make an valiant argument that the provision was enacted in response to a case that allowed "selection" of coverage. However, the language adopted does more than simply prevent selection. Rather, it precludes coverage entirely in the given situation.
Furthermore, the language used in Howell v. Balboa, supra, while appearing helpful to plaintiffs, is not controlling when in conflict with direct statutory mandates to the contrary. Howell did not consider the provision involved here, but concerned a different provision and is not dispositive of this case.
We agree with their reasoning and adopt it as ours.

CONCLUSION
The issue in this case has been considered by four other circuits, all of which precluded UM coverage under a second policy in the given set of circumstances. We find the reasoning in these decisions persuasive. Thus, we find R.S. 22:1406(D)(1)(e) precludes the plaintiff's recovery from her UM carrier, Farm Bureau. Accordingly, we reverse the judgment of the trial court and render judgment in favor of the defendant, dismissing plaintiff's claim. Costs of this appeal are to be paid by the plaintiff.
REVERSED.
SAUNDERS, J., dissents and assigns reasons.
SAUNDERS, Judge, Dissenting.
The plaintiff paid two UM premiums and is now faced with a situation where neither of the UM coverages paid for are available; clearly, not the intention of the Legislature. I believe the correct purpose of the statute was recently highlighted in Jones v. Allstate Ins. Co., 619 So.2d 111 (La.App. 1 Cir.1993). In Jones, the plaintiff settled her claim against defendant's liability carrier for the policy limits of $10,000.00. Jones had rejected UM coverage on the vehicle which she was driving which was involved in the accident. Jones reserved her rights against Allstate Insurance Company who had issued a policy to her father, Charles Davis, contending that she was a member of her father's household and as such, qualified as an insured under his policy.
The Jones court, in citing the trial court, granted Allstate's motion for summary judgment, stating at page 113:
"By the court:
Well, this is hard to say, but I have to agree with Mr. Perry. R.S. 22:1406(D)(1)(e) does address this very problem. It is intended so that someone can't have UM on one car, waive the UM on the other car, and still recover UM on a nonowned vehicle even though the person is an omnibus insured because they are a resident of the same household. The specific statutory language is to cover this situation where you have a person who would be an omnibus insured, because they are a resident of the household, but they own a separate car for which UM was available, although she waived it. Then they should not be able to get coverage on a nonowned vehicle since the vehicle that they were driving was not described in the policy. It's pretty clear to me. So I would have to grant the motion for summary judgment by defendant."
*499 The Jones court continued discussing the statute as follows at page 114:
"In 1988 the Louisiana Supreme Court held in Wyatt v. Robin that a person who is insured under more than one policy and who is injured while occupying an owned vehicle may select, from among those policies, the one under which he would prefer to recover. 518 So.2d 494 (La.1988).
"As noted by Judge Foil in a footnote to Fay v. Willis, 577 So.2d 1147, at 1150, ft. 1 (La.App., 1st Cir.,1991), the purpose of Louisiana Revised Statute 22:1406(D)(1)(e) `was to cripple the selective right recognized in Wyatt' and `limit a person who is injured while occupying an owned automobile to the UM coverage, if any, on that automobile.' Fay v. Willis, supra; citing, W. McKenzie and H. Johnson III, Insurance Law and Practice, 15 Louisiana Civil Law Treatise 31 (1989).
"In a similar holding in Haltom v. State Farm Mutual Automobile Insurance Co., 588 So.2d 792 at 795 (La.App., 2nd Cir., 1991), the Second Circuit Court of Appeal discusses the rationale for this provision:
`However, the amendment to the UM statute was clearly designed to keep vehicle owners from carrying UM coverage on only one of two or more owned vehicles, thus obtaining the benefit of UM coverage regardless of which vehicle they occupied, at the cost of only one UM policy.'
"The intent of the statute cannot be circumvented by allowing different members of the same household to actually own the different vehicles and waive the coverage on all but one. Regardless which member of the household owns the vehicle involved in the accident, if coverage is waived on that vehicle there can be no recovery on the coverage of other vehicles owned by other members of the same household that do not list the vehicle involved in the accident in their policy.
"In this case the trial judge properly rejected the plaintiff's interpretation of this statute and found that mover was entitled to judgment as a matter of law since La.R.S. 22:1406(D)(1)(e) prohibited plaintiff's action against this insurer.1
1 The present case epitomizes the exact situation this statute was enacted to prevent, namely where one rejects UM coverage on their own vehicle and seeks to recover the benefit of such coverage as an omnibus insured under another policy."
It is important that we recognize that the truck driven by Monica's husband, and the vehicle not named in Monica's Thunderbird policy, is not owned by her but is owned by the community as a legal regime, separate and distinct from the persons composing it. See Riche v. Ascension Parish School Board, 200 So. 681 (La.1941); Le Rosen v. North Central Texas Oil Co., 169 La. 973, 126 So. 442 (1930). While this is a very technical and legalistic observation, I think we are justified in using a legalistic approach to arrive at a just result, rather than allowing an improper result because a statute was drafted in an overly broad manner.
The plaintiff was not occupying a vehicle "owned by the insured"rather she was occupying a vehicle owned by the community a separate and distinct legal entity. By making this distinction, we are able to apply the letter of the law and also achieve the result intended by the legislature.
In summary, I agree with the following reasoning of the trial court:
"If the Court were to look only to that specific portion of the statute, i.e., R.S. 22:1406(d)(1)(e), the Court would have no alternative but to rule in favor of the defendant. However, one must read in pari materia therewith the entire provision concerning the issuance of uninsured motorist coverage in this state which is found in La.R.S. 22:1406(D). The main thrust of La.R.S. 22:1406 was originally designed and still is, to require all casualty insurers providing automobile drivers in this state with liability insurance to provide uninsured (underinsured) motorist coverage in the same amount as the liability insurance secured. The Legislature was so emphatic in this requirement that the motorist must reject in writing this type of coverage, for the policy to be rejected or reduced in any amount. In case law too numerous to cite, the Supreme and Appellate Courts of this state have held that the object of the UM *500 statute, (Louisiana Revised Statute 22:1406), is to promote full recovery for damages by auto accident victims by making UM coverage available for their benefit as primary protection when the tort feasor is without insurance and as additional or excess coverage when the tort feasor is inadequately insured. Equally as notorious is the principal that the statute is to be liberally construed to carry out this objective and not incidentally, that the UM carrier is bound in solido with the tort feasor. (See Hoefly v. Government Employees Insurance Company, 418 So.2d 575 [(La. 1982)]; Fertitta v. Allstate Insurance Company, 462 So.2d 159 [(La.1985)]). In the instant case there is no doubt that the policy issued to the plaintiff provided uninsured motorist coverage. There is likewise, no doubt, that the plaintiff in fact paid the premium for that policy including the premium for UM coverage. The instant case is not one with a stacking issue."
LSA-R.S. 22:1406 clearly contemplates UM coverage for an insured who is a passenger in an underinsured vehicle, and is injured by the negligence of the host driver.
Accordingly, I respectfully dissent.